IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY L. LEATHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1034-CV-W-RED |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Mary L. Leatherman ("Leatherman") seeks judicial review of the Commissioner's partial denial of her request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2007); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five). If at any step in the evaluation process the claimant is determined to be not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4) (2007); *see Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

### III. Analysis

In a decision dated December 15, 2005, the ALJ found that from the onset date of August 20, 2003 through October 31, 2005, Leatherman was not disabled and was capable of performing other work that exists in significant numbers in the national economy. The ALJ further found that as of November 1, 2005, Leatherman was under a disability as defined under the Social Security Act. (Tr. 24). Leatherman raises three arguments in challenging the portion of the ALJ's decision finding no disability before November 1, 2005. First, Leatherman argues the Appeals Council erred in failing to sufficiently consider the post-hearing evidence that was submitted. In addition, Leatherman contends the ALJ failed to properly evaluate her credibility. Finally, Leatherman asserts the ALJ erred in setting forth a hypothetical to the vocational expert that did not include all of Leatherman's impairments. The Court will consider each argument in turn.

A. Post-Hearing Evidence

Leatherman first argues the Appeals Council failed to "summarize, evaluate, analyze, and make credibility findings with respect to post-hearing evidence that it received and admitted into evidence." (Pl.'s Reply Br. 1). Under 20 C.F.R. § 404.970(b), the Appeals Council is directed to evaluate the entire record, including the newly submitted evidence, to determine whether the ALJ's action is contrary to the weight of the evidence of the entire record. 20 C.F.R. § 404.970(b) (2007). Contrary to Leatherman's position, there is no requirement that the Appeals Council summarize the contents of the new evidence and articulate specific reasons why the new evidence does not affect its decision. Once it is clear that the Appeals Council considered the post-hearing evidence, the Court does not evaluate the Appeals Council's decision to deny review. *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

Here, the Appeals Council clearly stated in its decision that it had considered the additional evidence provided by Leatherman. Thus, the Appeals Council did not err in its review.

B. Credibility Findings

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them;

however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). The ALJ is not required to discuss each *Polaski* factor in his decision as long as the *Polaski* framework is acknowledged and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

Here, Leatherman argues the ALJ erred in finding her subjective complaints not entirely credible because of her strong work record. Leatherman also contends the ALJ failed to properly evaluate her need to lie down and mischaracterized the amount of medical treatment she sought and received.

Upon review of the record, the Court finds the ALJ did not err in her evaluation of Leatherman's credibility. While the ALJ did note Leatherman's strong work record, she also pointed out several inconsistencies in the record which provided support for her conclusion that Leatherman's subjective complaints were not credible. The ALJ cited medical evidence that contradicted Leatherman's reported need to lie down; Leatherman's own physician had urged her to increase her physical activity. (Tr. 20, 180). The ALJ also pointed out that Leatherman had not sought much medical treatment for her allegedly disabling symptoms from the time of the alleged onset date of August 2003. The ALJ accurately observed that there were extended periods in 2004 and 2005 during which Leatherman sought and received no treatment for her disabling symptoms; in fact several of her medical visits were for other issues, including a well visit, complaints of chest

pains and her recent diagnosis of diabetes. This lack of medical treatment is a legitimate factor in discounting subjective complaints. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001). Accordingly, the Court finds there is substantial evidence in the record to support the ALJ's evaluation of Leatherman's credibility.

### C. Hypothetical Posed to Vocational Expert

Finally, Leatherman argues that the ALJ's conclusion that she was able to perform other work in the national economy was based on a defective hypothetical question posed to the vocational expert. Leatherman contends the hypothetical did not fully set forth all of her impairments.

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (citations omitted). In her decision, the ALJ properly discounted Leatherman's subjective complaints. Because of this, the ALJ's hypothetical did not need to include all limitations Leatherman had claimed. The ALJ's hypothetical posed to the vocational expert fairly characterized Leatherman's impairments, and the ALJ did not err in relying on the vocational expert's testimony based on that hypothetical.

### IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ in partial denying disability benefits is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:    February 6, 2008          */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT